# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

IN Re:

**PETTERS AVIATION, LLC**  Case No. 08-45136 RJK

Debtor.

**Minnwest Bank Metro, a Minnesota**
**State Banking Corporation**

         Plaintiff  Adv. No. _____

v.

**Petters Aviation LLC and Priester Aviation LLC**

         Defendants

---

## Complaint

Plaintiff Minnwest Bank Metro, as a party in interest holding a secured claim against propererty of the Debtor within the meaning of 11 U.S.C.§506 for its complaint against Defendants Petters Aviation, LLC ("Petters") and Priester Aviation, LLC (" Priester"). alleges and states as follows:

### Jurisdiction

1. This adversary proceeding is commenced pursuant to Fed. R. Bankr. P. 7001 et seq. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 157 and 1334, Fed. R. Bankr. P. 7001(2) and Local Rule 1070-1. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. 157(b)(2). The petition commencing this case under Chapter 11 was filed October 6, 2008 and the Debtor remains in possession of its assets.

**Parties**

2. Petters Aviation LLC ("Debtor") filed its petition in this case on October 6, 2008 and is currently a debtor in possession. The Debtor owns a 1967 Boeing aircraft Model 727-100, Serial Number 19835, Registration N706JP, together with engines P&W JT8D-7B, Serial Numbers 654462, 655908 and 653707 (collectively, the "Aircraft") which is the subject of this litigation.

3. Minnwest Bank Metro ("Bank") is a Minnesota Banking corporation having a place of business at 12011 Business Park Blvd N. Champlin, MN 55316. The Bank extended credit to the Debtor in July of 2008 and holds a lien and security interest in the Aircraft prior and superior to the interests of any other party as more fully set forth herein.

4. Priester Aviation LLC ("Priester") is a foreign Limited Liability Company and at all times material hereto managed the Aircraft owned by Petters Aviation LLC that is the subject of this complaint. Pursuant to a management agreement dated August 29, 2007 ("Management Agreement") Priester claims a lien for goods and services provided to the Debtor in the management of the Aircraft.

**Facts**

5. Prior to July 10, 2008 the Bank had no credit or loan accommodations with the Debtor.

6. The Debtor approached the Bank in February of 2008 with a request for a line of credit of up to $1,500,000 ('Loan"). The Debtor was willing to grant to the Bank as collateral for the Loan a first priority security interest in all Debtor's personal property and also a first lien security interest in the Aircraft.

7. On February 8, 2008 the Bank issued and delivered to the Debtor its commitment ("Commitment") to extend credit to the Debtor in amounts up to $1,500,00.00. The Commitment was signed and accepted by the Debtor through the execution and acceptance of the Commitment by the Debtors President, T. Jay Salman, and stated among other things the documentation that would be required at a minimum by the Bank (" Loan Documents").

8. The Commitment also required a current appraisal of the Aircraft that was to serve as collateral prior to the extension of the requested credit. In the spring of 2008 the Bank received an appraisal done by AMC\Value Appraisal Services having a value of $1,500,000. Because of this new appraisal information the commitment to lend was reduced by the Bank to $1,000,000

9. The Loan Documents included a $1,000,000.00 Promissory Note, an Aircraft Security Agreement, a general security agreement and related Loan Documents were prepared by the Banks legal counsel and Bank's Special Aircraft Counsel, McAfee & Taft LLC ("McAfee & Taft") of Oklahoma City, Oklahoma. The final drafts of the Loan Documents were also reviewed by Debtors in house counsel.

10. On July 10th, 2008 the Debtor executed and delivered the following Loan Documents in favor of the Bank: (a) Promissory Note in the Amount of $1,000,000. (b) Aircraft Security Agreement granting to Bank a lien on and security interest in the Aircraft Collateral (c) General Security Agreement granting to Bank a lien on and security interest in all Personal Property of the Debtor in addition to the Aircraft Collateral, Financing Statement and other routine documents.

11. After execution of the Loan Documents the Debtor delivered the Loan Documents to its in house counsel for another review and were held by the Debtor for approximately two weeks prior to returning the Loan Documents to the Bank.

12. The United States adopted The Cape Town Treaty ("Treaty") by the Implementation Act of August 9, 2004. On March 1, 2006 the implementation became effective and the United States became a party to the Cape Town Treaty and related Protocols, which established an International Registry for International Interests in Mobile Equipment (Aircraft Equipment). The Treaty recognizes the International Registry as a primary place for the filing of interests, including prospective interests, in certain airframes, helicopters, and aircraft engines. It also established the Civil Aviation Registry (FAA) as the Authorizing Entry Point for transactions related to the United States and has been adopted by more than 28 different countries.

13. Before ratification of the Cape Town Convention by the United States, a lender was perfected in an aircraft on the day the lender filed its security agreement with the FAA Registry in Oklahoma City. After ratification of The Cape Town Convention on March 1, 2006, a lender has two options to perfect its liens A lender can (i) file its security agreement with the FAA and on that same day register its interest with the Cape Town International Registry, or (ii) register a prospective international interest with the International Registry on day One and within 60 days file its security agreement with the FAA. Under option (ii), the perfection date relates back to the day the prospective international interest was registered with the Cape Town Registry, provided that the security agreement is filed with the FAA within 60 days of the Cape Town registration date.

14. As to the Cape Town Treaty Convention, under either option (i) or (ii), before an international interest or a prospective international interest can be registered, the registering party must file with the FAA an FAA 8050-135 form. The FAA accepts the 135 form and stamps it with an authorization code and then hands the 135 form back to the registering party. Then the code is used in connection with registering the interest. The code is made up of 14 numbers representing the date and time the 135 form was filed.

15. On July 10th, 2008 McAfee And Taft on the Bank's behalf filed with the FAA the FAA AC Form 8050-135 FAA" Entry Point Filing Form " Registry in Relation to the Aircraft Security Agreement, which was assigned Unique Authorization Code IRN20080710110558 (the "UAC').

16. On July 10th, 2008 McAfee & Taft also caused to be filed with the International Registry in Dublin, Ireland, Prospective International Interests assigned file Numbers 9376 (referencing the UAC) 9378,9380,and 9384 (collectively the Security Agreement Interests").

17. On July10, 2008 The International Registry established by the Treaty issued Certificates No. 55549, 55553 and 55557 to the Bank covering the airframe and Pratt & Whitney jet engines.

18. 49 US 44107 (e) (2) (b) states: "A filing of a notice of prospective assignment, interest, or sale under this paragraph and the registration with the International Registry relating to such assignment, interest, or sale shall not be valid after the 60th day following the date of the filing unless documents eligible for recording under subsection (a) relating to such notice are filed for recordation on or before such 60th day.

19. The Security Agreement Interests were duly registered under the Treaty as of July 10, 2008 and all necessary documents have been filed with the FAA as required by the Transportation Code.

20. The Security Agreement (as filed with the FAA) and the Security Agreement interests (as registered on the IR0) created a duly perfected security interest in the Aircraft in favor of the Bank, subject only to possible rights of the holder of the Priester claim as hereafter described.

21. The Security Agreement (as filed with the FAA) and the Security Agreement Interests (as registered on the IR) created a duly perfected security interest in the Engines in favor of the Bank as of July 10, 2008.

22. On August 13, 2008 McAfee & Taft filed with the FAA in Oklahoma City, Oklahoma the UAC; Registered Interests Prospective International Interests assigned IR File Numbers 9376 (referencing the UAC), and the Security Agreement Interests.

23. Under the provisions of the Treaty and FAA regulations it is the date of filing with the FAA that perfects the Prospective Interest and not the date that the FAA records the documents. Accordingly Bank perfected its Aircraft and engine liens as of July 10, 2008 by the August 13, 2008 filing.

24. The Bank's extension of credit to the Debtor on July 10th, 2008 was made to be a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange.

25. That as of the date of this Complaint the Note is in default and there is due and owing thereon the sum of $ 1,000,000.00 Principal, accrued interest and late charges of $104,159.68 accruing at the rate of $152.78 per day.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY RELIEF AGAINST DEBTOR ADJUDICATING THE PRIORITY AND VALIDITY OF THE BANKS LIENS AND NON-AVOIDANCE THEREOF)

26. Bank realleges paragraphs 1 through 25 hereof.

27. By this claim for relief against the Debtor the Bank seeks a Declaration pursuant to 28 USC § 2201 and 2202 that the lien and security interest held by the Bank in the Aircraft frame and engines are prior and superior to any right of the Debtor to avoid such liens under 11 USC § 544, 547 or such other provision of State Law or the United States Code.

## SECOND CLAIM FOR RELIEF

## (DETERMINING VALIDITY AND SCOPE OF PRIESTER LIEN)

28. Bank realleges paragraphs 1 through 27 hereof.

29. Priester, pursuant to the Management Agreement, between itself and the Debtor alleges that it performed labor, skill and material (the "Services") upon the Aircraft in Cook County, Illinois.

30. Pursuant to a mechanics lien statement dated February 28, 2008 Priester filed a lien with the FAA on February 28, 2008 in the amount of $163,299.55, which was recorded by FAA on April 4, 2008 and assigned conveyance number IR 000189. Priester alleges that it owns and holds a security interest and lien for all services furnished upon the Aircraft (the "Security Interest and Lien") pursuant to Section 45/1 of the Illinois Labor and Storage Lien Act, 770 Ill. Comp. St. §45 *et seq*. (the "Labor Lien Act").

31. On information and belief Bank believes that Priester at some point released its lien on the Aircraft by releasing possession and refiled the alleged lien as an amended lien on October 21, 2008 in the amount of $288,097.49 which amount the Bank disputes. By releasing its lien and re-fileing Priester has waived it's right to assert a valid possessory interest and lien in the Aircraft and engines and accordingly has at most an unsecured claim subject to verification.

**WHEREFORE** Bank requests that Judgment be entered against Defendants and in favor of Bank;

1. Adjudging and decreeing that the claim of the Bank is a fully secured claim less than 11 USC § 506 (a) (1).

2. Pursuant to 28 USC 2201 and 2202 adjudging and decreeing the liens and security interests of the Bank were duly perfected pursuant to the provisions of the Treaty and are prior and superior to any other claim or interest.

3. Adjudging and decreeing that the liens and security interests are not preferences and are not avoidable by the Debtor under 11 USC § 550 and §547.

4. Adjudging and determining whether Priester holds a valid possessory lien and if so the amount of such lien.

5 Adjudging and decreeing that the sale proceeds of the Aircraft may be paid directly to Bank for application against the defaulted Note of the Debtor.

6. For such other relief as is just and equitable

**Weber|Thomas LLC**

John C. Thomas #109071

By: S/ John C. Thomas
1660 Highway 100 South, Suite 500
St. Louis Park, MN 55416
952-83602767
763.591.5034
jct@weberthomaslaw.com

August 27, 2009                    Attorneys for Minnwest Bank Metro